UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

WILLIAM PAUL DAHN,

Plaintiff,

v.

MINNESOTA SECRETARY OF STATE MARY KIFFMEYER,

Defendant.

Civil No. 00-2325 (PAM/JGL)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to challenge the constitutionality of Minnesota's primary election process, which purportedly is operated under the auspices and supervision of the Minnesota Secretary of State, Defendant Mary Kiffmeyer. Plaintiff claims that the Minnesota primary election system violates his federal constitutional rights, by allowing him to participate in just one party's candidate selection process in each primary election.

OCT 2 4 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff cites his own personal experience to illustrate the alleged constitutional flaw in Minnesota's current primary system. He alleges that he personally sought the Republican nomination for a U.S. Senate seat in the most recent Minnesota primary election, running against incumbent Republican Senator Rod Grams. Plaintiff obviously wanted to vote as a Republican in the primary race for the Senate seat, so he could vote for himself. Plaintiff further alleges, however, that he wanted to vote for a non-Republican in the primary race for Minnesota's Fourth District congressional seat. Under Minnesota's primary election rules, Plaintiff could not vote as he wanted to because he could not "switch parties;" i.e., he could not vote for a Republican for one office (namely U.S. Senator), and then vote for the candidate of some other party for another office (namely Fourth District Congressman). Plaintiff claims that it is unconstitutional to require him to vote in the primary races of just one party; he wants to be able to "cross over" and vote for the candidate of one party for one office, and the candidate of another party for a different office -- all in the same primary election.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] For the reasons discussed below, the Court concludes that Plaintiff's present

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in

complaint does not state viable cause of action, and that it should therefore be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

The claim that Plaintiff is attempting to advance in this action, and the relief that he is seeking, are foreclosed by the U.S. Supreme Court's recent decision in California Democratic Party v. Jones, 120 S.Ct. 2402 (2000). In that case, the Court considered the constitutionality of a California law that allowed that State's voters to cast their votes in primary elections in the manner advocated by Plaintiff here. The law in question, ("Proposition 198"), established a "blanket primary," which allowed voters to freely choose between all of the candidates for any given office -- even if that meant voting for the candidate of one party for one office, and the candidate of a different party for another office. Again, California's blanket primary system provides exactly the type of primary election that Plaintiff believes to be mandated by the U.S. Constitution.

The Supreme Court concluded in California Democratic Party, however, that a blanket primary system is not only non-mandatory, but, in fact, it is constitutionally impermissible. In other words, Minnesota would violate the Constitution if it did establish the type of primary system that Plaintiff is demanding.

---

law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

In California Democratic Party, the Supreme Court held that political parties have a First Amendment right, under the freedom of association clause, to limit participation in their party primaries. The Court noted that "'[f]reedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being.'" 120 S.Ct. at 2408, quoting Democratic Party of United States v. Wisconsin ex rel. La Follete, 450 U.S. 107, 122, n. 22 (1981), (quoting L. Tribe, American Constitutional Law 791 (1978).) Thus, a political party has a constitutional right to prevent a voter from helping the party choose its candidate for a particular office, if that same voter is simultaneously attempting to help some rival party choose its candidate(s), (albeit for a different office). Furthermore, the associational right of a political party trumps any interest that an individual citizen might have in helping the party to choose its candidates. "[A] 'nonmember's desire to participate in the party's affairs is overborne by the countervailing and legitimate right of the party to determine its own membership qualifications.'" California Democratic Party, 120 S.Ct. at 2413, quoting Tashijan v. Republican Party of Connecticut, 479 U.S. 208, 215-16, n. 6 (1986).[2]

---

[2] As the Court noted in California Democratic Party –

> "The voter who feels himself disenfranchised should simply join the party. That may put him to a hard choice, but it is not a state-imposed restriction upon his freedom of association, whereas compelling party members to accept his selection of their nominee is a state-imposed restriction upon theirs."

120 S.Ct. at 2413 (emphasis in the original).

Thus, it is clear that Plaintiff cannot succeed in this action. He has no constitutional right to participate in the type of blanket primary that he is seeking to compel the Defendant to conduct. Indeed, if the State of Minnesota were to conduct the type of primary election that Plaintiff is demanding, the State would be violating the First Amendment rights of every political party participating in such election.

For the reasons discussed above, the Court concludes that Plaintiff has failed to state a claim on which relief can be granted. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 24 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by NOV. 13, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate

as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.